**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1454**

_____

JOHN WESLEY HIGHTOWER,

                Plaintiff - Appellant,

     v.

SAVANNAH RIVER REMEDIATION, LLC,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Aiken. J. Michelle Childs, District Judge. (1:13-cv-03558-JMC)

_____

Argued: October 24, 2017                      Decided: November 20, 2017

_____

Before MOTZ, KEENAN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Julius Wistar Babb, IV, J. LEWIS CROMER & ASSOCIATES, LLC, Columbia, South Carolina, for Appellant. George A. Reeves, III, FISHER & PHILLIPS LLP, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Wesley Hightower ("Appellant") appeals the district court's award of summary judgment in favor of his employer, Savannah River Remediation, LLC ("Appellee"), on his race discrimination and retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17. We affirm based on the reasoning of the district court in *Hightower v. Savannah River Remediation, LLC*, No. 1:13-cv-03558, 2016 WL 1128022 (D.S.C. Mar. 23, 2016).

Appellant has been employed with Appellee for a number of years and by all accounts was a good performer at the time of the events giving rise to this lawsuit. On November 14, 2012, Appellant held a meeting during which two of his subordinates became upset with him and behaved inappropriately by yelling and cursing at Appellant. Following this meeting, while Appellant was on previously scheduled medical leave, Appellee's management spoke with Appellant's subordinates about the incident. Some of Appellant's subordinates reported that Appellant's management style created a stressful workplace environment. Appellant's supervisors then asked Appellant to apologize to his team, which he agreed to do, even though he felt he had done nothing wrong. At some point while on leave, Appellant changed his mind about apologizing to his team. As a result, Appellee's management presented him with a "Performance Improvement Plan" upon his return to work, which stated that Appellant had "displayed a

2

pattern of unacceptable behaviors" and needed to improve his interpersonal skills and his relationship with his subordinates. J.A. 685.[*]

Appellant expressed concerns about the content of the document, since it implied that he had a performance problem. Management retitled the document "Development Plan" and revised the line about Appellant's "pattern of unacceptable behaviors" to read that Appellant's management style "needed improvement." J.A. 686. Still, Appellant refused to agree to the terms of the Development Plan because he believed he had done nothing wrong, but he acknowledged his receipt of the document. Appellant's supervisors informed him that this would be unacceptable to Appellee's management and that he needed to sign the Development Plan to return to his position. Appellant nonetheless refused to sign the Development Plan and was therefore reassigned to a similar position with the same salary and benefits but without supervisory authority.

As an initial matter, we question whether Appellant suffered an adverse employment action because he was reassigned to a position with the same salary and benefits as his former position. However, as the district court did, we assume without deciding that Appellant has made out a prima facie case of race discrimination and retaliation under Title VII.

Appellant bears the burden to demonstrate that Appellee's proffered non-discriminatory reason for Appellant's reassignment -- his refusal to sign the Development

---

[*] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

Plan -- "is a pretext and . . . the true reason is discriminatory or retaliatory." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). He may do this "by showing either that [Appellee's] explanation [for the adverse action] is not credible, or that [Appellee's] decision was more likely the result of [discrimination or] retaliation." *Waag v. Sotera Def. Sols., Inc.*, 857 F.3d 179, 192 (4th Cir. 2017) (quoting *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016)).

Appellant has not met his burden. He acknowledges that he was reassigned not because he was performing inadequately, or even because his subordinates did not like his management style, but because he refused to sign the Development Plan. Appellant would have retained his position had he signed this document to the satisfaction of Appellee's management. Further, even assuming that Appellant's subordinates complained about his management style due to some racial or retaliatory animus, there is no basis for imputing any such bias to Appellee. We have previously "refused to endorse a construction of Title VII that would treat a subordinate who has no supervisory or disciplinary authority and who does not make the final or formal employment decision [as] a decisionmaker simply because he had a substantial influence on the ultimate decision or because he has played a role, even a significant one, in the adverse employment decision." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 410–11 (4th Cir. 2013) (internal quotation marks omitted). We likewise decline to do so here.

*AFFIRMED*

4